UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASMIN MALIK, <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 17-cv-06954-DMR <br><br> **ORDER ON MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. Nos. 26, 29 |

Plaintiff Yasmin Malik filed a complaint against the City and County of San Francisco ("San Francisco"); Solano County ("Solano"); and Sonny Ash, a former Solano County investigator, alleging claims for excessive force, deliberate indifference to medical needs, and malicious prosecution. Solano and Ash now move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint. [Docket No. 22.] San Francisco moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. [Docket No. 29.] These motions are appropriate for determination without oral argument. Civ. L.R. 7-1(b). For the following reasons, Solano and Ash's motion to dismiss is granted, and San Francisco's motion for judgment on the pleadings is granted.

## I.  BACKGROUND

Malik makes the following allegations in the complaint, all of which are taken as true for purposes of this motion.[1] Malik lives in Germany. Compl. ¶ 15. In 2013, she entered into an agreement with a third party, Cleveland Kennard, regarding the development of property in Solano

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

County owned by Malik and her husband. *Id*. at ¶¶ 8-10. In exchange for Kennard's "carpentry skills," Malik promised him 50% ownership of the property at issue. *Id*. at 9. At some point, Kennard demanded 100% ownership of the property, and "insisted that [Malik] file a warranty deed form in his interest." *Id*. at ¶ 14. Malik refused, informing him that she could not make such a transfer "without her Husband's signature," and then returned to Germany. *Id*. at ¶¶ 14, 15.

In November 2013, Kennard filed with the Solano County Recorder's Office a warranty deed containing Malik's husband's forged signature which gave Kennard full ownership of the property. *Id*. at ¶ 16. Kennard subsequently filed a complaint with the Solano County District Attorney's Office alleging that Malik had "defrauded him of his interest in the property." Defendant Ash, who was an investigator with the District Attorney's Office, contacted Malik regarding Kennard's complaint and informed her that Kennard "said there was no contract." *Id*. at ¶¶ 17, 18. Malik faxed Ash "a copy of the contract and other documents, to prove that a contract had in fact existed." *Id*. at ¶ 18. Malik spoke with Ash several times in February 2015 "to try to clear herself of the fraudulent accusations brought by Mr. Kennard." *Id*. at ¶ 19.

On August 23, 2015, Solano County issued an arrest warrant for Malik. *Id*. at ¶ 21. On September 9, 2015, San Francisco police officers arrested Malik pursuant to the arrest warrant at San Francisco International Airport. At the time of her arrest, Malik was attempting to board a plane to Germany with her four-year-old son and was four months pregnant. *Id*. at ¶ 23. Even though Malik informed the officers that she was pregnant, they handcuffed her behind her back with tight fitting handcuffs, "and left her in a vulnerable and dangerous position for several hours." *Id*. at ¶ 24.

Malik was charged in Solano County with defrauding Kennard, "and was forced to undergo being criminally prosecuted for several months, while being forced to stay away from her family in Germany." *Id*. at ¶ 25. The case against Malik was dismissed on November 30, 2015 "due to evidence showing that Mr. Kennard had lied when he alleged to the police that [Malik] had defrauded him." *Id*. at ¶ 27; Solano's Request for Judicial Notice ("RJN") Ex. A.[2]

---

[2] Solano asks the court to take judicial notice of the existence and content of the November 20, 2015 minute order in the matter of *The People of the State of California v. Yasmin Malik*, case

2

1    Malik alleges the following claims against Defendants: 1) 42 U.S.C. § 1983 claim for
2  excessive force in violation of the Fourth Amendment, against unidentified San Francisco police
3  officers; 2) section 1983 claim for deliberate indifference to Malik's need for medical assistance in
4  violation of the Fourteenth Amendment, against unidentified San Francisco police officers; and 3)
5  section 1983 claim for malicious prosecution in violation of the Fourth Amendment, against Ash.[3]

6    Solano and Ash move to dismiss the complaint. San Francisco moves for judgment on the
7  pleadings.

## II. SOLANO AND ASH'S MOTION TO DISMISS

Solano and Ash move to dismiss Malik's Section 1983 claim for malicious prosecution, which is the sole claim against Ash.[4] They argue that Malik's claim is barred by the applicable statute of limitations; that the claim is barred by prosecutorial immunity; and that Malik fails to state a claim for malicious prosecution.

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (2007) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New*

---

number FCR316552, which reflects the dismissal of the criminal case against Malik on the same date. Federal Rule of Evidence 201(b) permits the court to take judicial notice of facts "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take notice of other related court proceedings and filings. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc,.* 971 F.2d 244, 248 (9th Cir. 1992). Malik does not object to the court's taking judicial notice of this court document, and concedes that the criminal case against her was dismissed on November 30, 2015. *See* Opp'n at 2. Solano's request for judicial notice is granted.

[3] Although Malik names Solano as a Defendant, her complaint does not assert a specific claim against Solano.

[4] Solano and Ash also move to dismiss any state law claim for malicious prosecution, to the extent Malik seeks to plead such a claim. Mot. at 6. Malik does not address a state law claim for malicious prosecution in her opposition, thereby conceding the point.

3

*Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### B. Discussion

Solano and Ash first argue that Malik's section 1983 claim for malicious prosecution is untimely under the applicable statute of limitations because it was filed more than two years after the conclusion of her criminal prosecution.

A party may raise a statute of limitations defense on a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Such a motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id*.

Section 1983 does not contain its own limitations period. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). The appropriate period is that of the forum state's statute of limitations for personal injury torts. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is the two-year period set forth in California Code of Civil Procedure section 335.1, and is the applicable statute in section 1983 actions. *Id.* A section 1983 claim accrues when the plaintiff knows, or should know, of the injury that is the basis for her claims. *Id.* at 955; *see also Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) ("Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief."). Malicious prosecution claims brought under section 1983 accrue "upon favorable termination of the underlying criminal proceeding." *Peinado*

4

*v. City & Cty. of San Francisco*, No. C-11-1799 EMC, 2013 WL 163473, at *3 (N.D. Cal. Jan. 15, 2013) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998), *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002)).

Here, it is undisputed that the criminal charges against Malik were dismissed on November 30, 2015. RJN Ex. A. Malik does not dispute that her section 1983 malicious prosecution claim accrued on that date. Therefore, any action based on her injuries from her criminal prosecution should have been filed within the next two years, or by no later than November 30, 2017. *See* Cal. Civ Proc. Code § 335.1. Since Malik did not file the present complaint until December 5, 2017, her claim against Solano and Ash is time-barred unless an exception to the statute of limitations applies.

Malik argues that her claim is not barred based on the application of the continuing violation doctrine. She contends that the doctrine "allows a court, in some instances, to consider alleged unlawful behavior that would otherwise be time-barred," citing *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 122 (2002). Opp'n 2. According to Malik, although the criminal case was dismissed on November 30, 2015, wrongful acts related to the malicious prosecution continued beyond that date. In her opposition brief, she describes two allegedly wrongful acts related to her underlying prosecution. Malik states that in April 2016, "the District Attorney . . . wrongfully and maliciously informed the head of Solano County Assessor's Office that the plaintiff and her husband were criminals and to not change the ownership information of the property that was the subject of the criminal case back to their names," even though the charges had been dismissed. Opp'n at 3. Additionally, she contends that in June and July 2016,
> City of Vallejo Attorney Eli Flusmann relayed to the plaintiff that he had spoken with this same District Attorney, and she had falsely indicated that the plaintiff had committed several crimes in relation to the property in question, which caused the City Attorney's Office to file a lawsuit against the plaintiff, in which her and her husband's credibility and ownership of their property were challenged, due to the intentionally wrongful information that the District Attorney conveyed.

*Id*. at 3. Malik argues that these later related acts render her malicious prosecution claim timely through application of the continuing violation doctrine.

5

As an initial matter, the complaint as currently pleaded does not contain any allegations about the two 2016 events described in Malik's opposition. Accordingly, the court cannot consider those facts. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Moreover, even if Malik were granted leave to amend her complaint to add allegations about the two later events, *Morgan* would not save her claim. Before the Supreme Court's decision in *Morgan*, a plaintiff could establish a continuing violation in the employment discrimination context by showing "a series of related acts one or more of which are within the limitations period," or by showing "a systematic policy or practice of discrimination that operated, in part, within the limitations period—a systemic violation." *Morgan*, 536 U.S. at 107 (quoting *Morgan v. National Railroad Passenger Corp.*, 232 F.3d 1008, 1015-16 (9th Cir. 2000)). The Supreme Court overruled the Ninth Circuit's "related acts" method of establishing a continuing violation, holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113.[5] Although *Morgan* is a Title VII case, the Ninth Circuit has applied *Morgan* to determine the timeliness of section 1983 claims. *See, e.g., RK Ventures, Inc.*, 307 F.3d at 1061 (applying *Morgan* to bar section 1983 claims based on discrete time-barred acts). Under *Morgan*, Malik cannot rely on the related specific acts that occurred within the two-year statute of limitations period in order to reach back and salvage her untimely malicious prosecution claim.

Malik also argues that the statute of limitations was tolled due to "impossibility." Opp'n 4. In actions brought under section 1983, courts "'apply the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*,

---

[5] The Supreme Court did not address the second method of proving a continuing violation, i.e., the systematic pattern or practice method. *Id.* at 115 n.9; *Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara*, 344 F.3d 822, 829 n.3 (9th Cir. 2003). Malik does not allege a systematic pattern or practice of wrongful acts by any of the defendants.

6

393 F.3d 918, 927 (9th Cir. 2004)). In California, a statute of limitations may be tolled "where circumstances effectively render timely commencement of an action impossible or virtually impossible." *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1305 (1999); *see also Lewis v. Superior Court*, 175 Cal. App. 3d 366, 377-78 (1995) (holding statute of limitations tolled where plaintiff's attorney had calendared last date to file but was seriously injured in an automobile accident five days before the statute expired).

According to Malik, both during her prosecution and after the charges were dismissed, she "was dealing with a very complicated pregnancy, that rendered her almost completely be[d] ridden [sic] and suffering from severe depression for at least a month after the charges were dismissed." Opp'n 4. She asserts that these conditions "prevented her from seeking any legal representation or attempting in any manner to prosecute her [section] 1983 claim." *Id*. As with her assertions about the 2016 incidents allegedly related to her criminal prosecution, the court cannot consider facts about Malik's pregnancy and depression because they are not pleaded in the complaint. *See Schneider*, 151 F.3d at 1197 n.1. The current complaint is devoid of any facts which would support a finding that "timely commencement" of this action was "impossible or virtually impossible." *See Grell*, 73 Cal. App. 4th at 1305.

Therefore, as currently pleaded, Malik's section 1983 claim for malicious prosecution is untimely and must be dismissed.[6] It seems unlikely that Malik will be able to plead sufficient facts to establish tolling based on impossibility. Although her opposition states that she was bedridden and suffering from severe depression "for at least a month after the charges were dismissed," she does not explain why she could not file a timely complaint sometime during the next 23 months before the statute ran. However, the court cannot conclude at this stage that Malik will not be able to allege facts sufficient to overcome this defect, and therefore grants Malik leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." (quotation omitted)).

---

[6] Because the court finds that Malik's malicious prosecution claim is time-barred, the court does not address Solano and Ash's other arguments in favor of dismissal.

7

## III. SAN FRANCISCO'S MOTION FOR JUDGMENT ON THE PLEADINGS

San Francisco moves for judgment on the pleadings on the ground that Malik's claims are barred by the two-year statute of limitations set forth in California Code of Civil Procedure 335.1.

### A. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings." William Schwarzer et al, *Federal Civil Procedure Before Trial* ¶ 9:316 (2014). "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

### B. Discussion

San Francisco asserts that the two-year statute of limitations set forth in California Code of Civil Procedure 335.1 applies to Malik's section 1983 claims against San Francisco. It argues that the arrest which gave rise to Malik's claims for excessive force and deliberate indifference took place on September 9, 2015, and that those claims accrued on that date. Malik did not file the instant complaint until December 5, 2017, more than two years later. Accordingly, it argues, it is entitled to judgment on the ground that her claims against San Francisco are untimely.

A section 1983 claim accrues when the plaintiff knows, or should know, of the injury that is the basis for her claims. *Maldonado*, 370 F.3d at 955; *see Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (a claim that law enforcement officers used excessive force during an arrest accrues on the date of the arrest); *TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999) (a claim for deliberate indifference to medical needs accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Malik does not dispute that the two-year statute of limitations set forth in California Code of Civil Procedure 335.1 applies,

and does not appear to dispute that her excessive force and deliberate indifference claims accrued on September 9, 2015, the date of her arrest. However, she argues that the statute of limitations was tolled for these claims during the pendency of her criminal prosecution pursuant to California Government Code section 945.3. Therefore, she asserts, the statute of limitations did not begin to run on her claims against San Francisco until November 30, 2015, when the criminal charges were dismissed. Opp'n 3. As in her opposition to Solano and Ash's motion to dismiss, Malik contends that her December 5, 2017 complaint was timely based on application of the continuing violation doctrine and the doctrine of "impossibility." *Id*. at 3-5.

As previously noted, state law governs the application of tolling doctrines in section 1983 actions. *Canatella*, 486 F.3d at 1132. "In California, the statute of limitations for section 1983 actions is tolled by [California Government Code section] 945.3 while criminal charges are pending." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Section 945.3 states:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov't Code § 945.3. The first paragraph of section 945.3 is not applicable to section 1983 claims brought in federal court, but the tolling provision in the second paragraph does apply. *See Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989), *cert. denied*, 488 U.S. 1082 (1991).

Section 945.3 tolls the limitations period only if the civil action relates to "the offense for which the accused is charged." It states that a civil claim is related to criminal charges where the civil claim arises from "an act or omission in . . . arresting or detaining" the party accused of the criminal offense. Cal. Gov't Code § 945.3. Here, San Francisco police officers arrested Malik on September 9, 2015 pursuant to the Solano County arrest warrant. Malik's civil claims for excessive force and deliberate indifference arise from the circumstances of that arrest. Accordingly, since Malik's excessive force and deliberate indifference claims arise from "an act or

9

omission in . . . arresting or detaining" Malik, the criminal charge is related to the excessive force and deliberate indifference claims. *See, e.g.*, *Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at *6 (N.D. Cal. Jan. 24, 2017) (holding that unlawful entry and seizure and excessive force claims arising from arrest were related to the crime for which the plaintiff was arrested for purposes of section 945.3). Therefore, applying section 945.3, the two-year statute of limitations on Malik's excessive force and deliberate indifference claims was tolled until the criminal charges for fraud were dismissed, on November 30, 2015.

Even though section 945.3 tolling applies here, it does not save Malik's claim, for as previously noted, Malik did not file suit until December 5, 2017, which was over two years after the criminal charges were dismissed. Malik argues that her December 5, 2017 complaint was timely based on the continuing violation doctrine as well as the doctrine of "impossibility." Opp'n 3-5. As with her opposition to the motion to dismiss, Malik describes incidents related to her prosecution that took place in 2016, as well as her pregnancy and depression. The court cannot consider these facts because they are not pleaded in the complaint. Even if Malik were permitted to amend the complaint to add the 2016 events, the continuing violation doctrine does not render Malik's claims against San Francisco timely for the same reasons stated above. Similarly, even if the court were to consider Malik's statements in her opposition about her pregnancy and depression, they would be insufficient to support tolling of the statute of limitations based on impossibility. Accordingly, judgment in San Francisco's favor is appropriate. Malik is granted leave to amend to add allegations regarding tolling based on impossibility to the extent she can do so in a manner consistent with Rule 11.

//
//
//
//
//
//
//

### IV. CONCLUSION

Solano and Ash's motion to dismiss and San Francisco's motion for judgment on the pleadings are granted. Any amended complaint must be filed within ten days of the date of this order.

**IT IS SO ORDERED.**

Dated: June 28, 2018



Judge Donna M. Ryu
United States Magistrate Judge