UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASMIN MALIK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-06954-DMR<br><br>**ORDER ON MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 39 |

Defendants Solano County ("Solano") and Sonny Ash move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Yasmin Malik's amended complaint.[1] [Docket No. 39.] The court held a hearing on September 13, 2018. For the following reasons, the motion to dismiss is granted and the amended complaint is dismissed with prejudice.

**I.　BACKGROUND**

　　**A.　Allegations in the Amended Complaint**

Malik makes the following allegations in the amended complaint, all of which are taken as true for purposes of this motion.[2] Malik lives in Germany. [Docket No. 38 (Am. Compl.) ¶ 15.] In 2013, she entered into an agreement with a third party, Cleveland Kennard, regarding the development of property in Solano County owned by Malik and her husband. *Id*. at ¶¶ 8-10. In exchange for Kennard's "carpentry skills," Malik promised him 50% ownership of the property at

---

[1] Although Malik named the operative complaint as the "second amended complaint," she had not previously amended the original complaint. Therefore, the operative complaint is actually her first amended complaint.

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

issue. *Id*. at ¶ 9. At some point, Kennard demanded 100% ownership of the property, and "insisted that [Malik] file a warranty deed form in his interest." *Id*. at ¶ 14. Malik refused, informing him that she could not make such a transfer "without her Husband's signature," and then returned to Germany. *Id*. at ¶¶ 14, 15.

In November 2013, Kennard filed with the Solano County Recorder's Office a warranty deed containing Malik's husband's forged signature which gave Kennard full ownership of the property. *Id*. at ¶ 16. Kennard subsequently filed a complaint with the Solano County District Attorney's Office alleging that Malik had "defrauded him of his interest in the property." Defendant Ash, who was an investigator with the District Attorney's Office, contacted Malik regarding Kennard's complaint and informed her that Kennard "said there was no contract." *Id*. at ¶¶ 17, 18. Malik faxed Ash "a copy of the contract and other documents, to prove that a contract had in fact existed." *Id*. at ¶ 18. Malik spoke with Ash several times in February 2015 "to try to clear herself of the fraudulent accusations brought by Mr. Kennard." *Id*. at ¶ 19.

On August 23, 2015, Solano County issued an arrest warrant for Malik. *Id*. at ¶ 21. Ash retired "[w]ithin the same week." *Id*. at ¶ 22. On September 9, 2015, San Francisco police officers arrested Malik pursuant to the arrest warrant at San Francisco International Airport. At the time of her arrest, Malik was attempting to board a plane to Germany with her four-year-old son and was four months pregnant. *Id*. at ¶ 23.

Malik was charged in Solano County with defrauding Kennard, "and was forced to undergo being criminally prosecuted for several months, while being forced to stay away from her family in Germany." *Id*. at ¶ 25. The case against Malik was dismissed on November 30, 2015 "due to evidence showing that Mr. Kennard had lied when he alleged to the police that [Malik] had defrauded him." *Id*. at ¶ 27; Solano's Request for Judicial Notice ("RJN") Ex. A.[3]

---

[3] Solano asks the court to take judicial notice of the existence and content of the November 20, 2015 minute order in the matter of *The People of the State of California v. Yasmin Malik*, case number FCR316552, which reflects the dismissal of the criminal case against Malik on the same date. Federal Rule of Evidence 201(b) permits the court to take judicial notice of facts "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take notice of other related court proceedings and filings. *U.S. ex rel. Robinson Rancheria Citizens Council v.*

Malik alleges that even though the criminal case against her was dismissed, "the malicious intent (wrongful acts) continued way beyond that date of dismissal." Am. Compl. ¶ 28. In April 2016, "the District Attorney . . . wrongfully and maliciously informed the head of Solano County Assessor's Office that the plaintiff and her husband were criminals and to not change the ownership information of the property that was the subject of the criminal case back to their names," even though the charges had been dismissed. *Id*. at ¶ 29. The Assessor's Office complied with those instructions. *Id*. at ¶ 30. Additionally, Malik alleges that in June and July 2016,

> City of Vallejo Attorney Eli Flusmann relayed to the plaintiff that he had spoken with this same District Attorney, and she had falsely indicated that the plaintiff had committed several crimes in relation to the property in question, which caused the City Attorney's Office to file a lawsuit against the plaintiff, in which her and her husband's credibility and ownership of their property were challenged, due to the intentionally wrongful information that the District Attorney conveyed.

*Id*. at ¶ 31. Malik alleges that she lost money defending against the lawsuit brought by the City of Vallejo "and suffered extreme emotional distress." *Id*. at ¶ 32.

Malik alleges that during the criminal prosecution and after the charges against her were dismissed, she "was dealing with a very complicated pregnancy, that rendered her almost completely bed ridden and suffering from severe depression for at least a month after the charges were dismissed[.]" *Id*. at ¶ 33. Her condition "prevented her from seeking any legal representation or attempting in any manner to prosecute her [Section] 1983 claims." *Id*.

The amended complaint adds additional allegations about Ash. Malik alleges that Ash was "acting with malice" when he caused false charges to be initiated and filed against Malik, "subjecting the Plaintiff to malicious prosecution which deprived her of her freedom in violation of [her] rights under the Fourth Amendment[.]" *Id*. at ¶ 28. Specifically, Ash "was actively involved" in causing Malik's prosecution "based on his filing of a report based on false information, which was primarily relied upon by county prosecutors in deciding to prosecute"

---

*Borneo, Inc,.* 971 F.2d 244, 248 (9th Cir. 1992). Malik does not object to the court's taking judicial notice of this court document, and concedes that the criminal case against her was dismissed on November 30, 2015. *See* Opp'n at 2. Solano's request for judicial notice is granted.

Malik for fraud. *Id*. at ¶ 29.

### B. Procedural History

Malik filed the original complaint on December 5, 2017, alleging a section 1983 claim for malicious prosecution in violation of the Fourth Amendment against Ash, and two section 1983 claims based upon the Fourth and Fourteenth Amendments against the City and County of San Francisco ("CCSF"). On June 28, 2018, the court dismissed the complaint on the ground that it was barred by the applicable statute of limitations, but granted Malik leave to amend the complaint to plead facts to establish that the statute of limitations was tolled based on impossibility. [Docket No. 37.] The court also granted CCSF's motion for judgment on the pleadings on the same ground. *Id*. at 10.

The amended complaint appears to allege a single claim against Solano and Ash: a 42 U.S.C. § 1983 claim for malicious prosecution. Solano and Ash move to dismiss the complaint, arguing that Malik's claim for malicious prosecution is barred as untimely; that the claim is barred as to Solano by prosecutorial immunity; and that Malik fails to state a claim for malicious prosecution. On August 9, 2018, the court granted as unopposed CCSF's motion for judgment as a matter of law and entered judgment in its favor. [Docket No. 50.]

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (2007) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate

4

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III. DISCUSSION

As an initial matter, it is not clear whether Malik brings her malicious prosecution claim against Solano. While the amended complaint appears to focus solely on Ash, *see* Am. Compl. ¶¶ 17-20, pp. 6-7, there are some allegations regarding the Solano County District Attorney's office. *See id.* at ¶¶ 29-31. To the extent Malik is suing Solano based on any actions by prosecutors related to Malik's criminal prosecution, "[p]rosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc). Such prosecutorial functions include a prosecutor's initiation of a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Malik did not respond to this argument in her opposition and confirmed at the hearing that she concedes it. Any claim for malicious prosecution against Solano County itself is dismissed with prejudice.

Turning to the remaining claim against Ash, a party may raise a statute of limitations defense on a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Such a motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

Section 1983 does not contain its own limitations period. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). The appropriate period is that of the forum state's statute of limitations for personal injury torts. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is the two-year period set forth in California Code of Civil Procedure section 335.1, and is the applicable statute in section 1983 actions. *Id.* A section 1983 claim accrues when the plaintiff knows, or should know, of the injury that is the basis for her claims. *Id.* at 955; *see also Pouncil v. Tilton*, 704 F.3d 568, 573-74 (9th Cir. 2012) ("Under federal law, accrual occurs when the plaintiff has a complete and present

5

cause of action and may file a suit to obtain relief."). Malicious prosecution claims brought under section 1983 accrue "upon favorable termination of the underlying criminal proceeding." *Peinado v. City & Cty. of San Francisco*, No. C-11-1799 EMC, 2013 WL 163473, at *3 (N.D. Cal. Jan. 15, 2013) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998), *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002)).

Here, it is undisputed that the criminal charges against Malik were dismissed on November 30, 2015. RJN Ex. A. Malik concedes that her section 1983 malicious prosecution claim accrued on that date. Opp'n 2. Therefore, any action based on her injuries from her criminal prosecution should have been filed within the next two years, or by no later than November 30, 2017. *See* Cal. Civ Proc. Code § 335.1. Since Malik did not file her complaint until December 5, 2017, her claim for malicious prosecution is time-barred unless an exception to the statute of limitations applies.

As with her original complaint, Malik argues that her claim is not barred based on the application of the continuing violation doctrine. She contends that the doctrine "allows a court, in some instances, to consider alleged unlawful behavior that would otherwise be time-barred," again citing *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 122 (2002). Opp'n 2. According to Malik, although the criminal case was dismissed on November 30, 2015, wrongful acts related to the malicious prosecution continued beyond that date. She points to the allegations in the amended complaint that in April 2016, the District Attorney informed the Solano County Assessor's Office that Malik and her husband were criminals and directed it to "not change the ownership information of the property that was the subject of the criminal case back to their names," even though the charges had been dismissed. Am. Compl. ¶ 29. Additionally, she alleges that the District Attorney "falsely indicated that [Malik] had committed several crimes . . . which caused the City Attorney's Office to file a lawsuit against [Malik]," challenging Malik's credibility and ownership of the property. *Id*. at ¶ 31. According to Malik, "the initial acts of malicious prosecution that took place in 2015, were not discrete acts, but rather a part of a continuum of oppression and harassment" towards Malik in 2015 and 2016. Opp'n 3.

*Morgan* does not save Malik's malicious prosecution claim. Before the Supreme Court's decision in *Morgan*, a plaintiff could establish a continuing violation in the employment

6

discrimination context by showing "a series of related acts one or more of which are within the limitations period," or by showing "a systematic policy or practice of discrimination that operated, in part, within the limitations period—a systemic violation." *Morgan*, 536 U.S. at 107 (quoting *Morgan v. National Railroad Passenger Corp.*, 232 F.3d 1008, 1015-16 (9th Cir. 2000)). The Supreme Court overruled the Ninth Circuit's "related acts" method of establishing a continuing violation, holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Although *Morgan* is a Title VII case, the Ninth Circuit has applied *Morgan* to determine the timeliness of section 1983 claims. *See, e.g., RK Ventures, Inc.*, 307 F.3d at 1061 (applying *Morgan* to bar section 1983 claims based on discrete time-barred acts). Under *Morgan*, Malik cannot rely on the allegedly related discrete acts that occurred within the two-year statute of limitations period in order to reach back and salvage her untimely malicious prosecution claim. Moreover, none of the actions that took place in 2016 involved Ash, who retired before Malik was arrested.

At the hearing, Malik conceded that the continuing violation doctrine does not render her complaint timely. Instead, she again argues that the statute of limitations was tolled due to "impossibility." Opp'n 4. In actions brought under section 1983, courts "'apply the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). In California, a statute of limitations may be tolled "where circumstances effectively render timely commencement of an action impossible or virtually impossible." *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1305 (1999). This exception has been applied "on a case-by-case basis to prevent patently unjust consequences where the failure to comply with the statute is not attributable to fault on the part of the plaintiff or his counsel." *Lewis v. Superior Court*, 175 Cal. App. 3d 366, 375 (1995) (holding statute of limitations tolled where plaintiff's attorney had calendared last date to file but was seriously injured in an automobile accident five days before the statute expired).

Malik points to the allegations in the amended complaint that during her prosecution and after the charges were dismissed, she "was dealing with a very complicated pregnancy, that

7

rendered her almost completely bed ridden [sic] and suffering from severe depression for at least a month after the charges were dismissed, which prevented her from seeking any legal representation or attempting in any manner to prosecute her 1983 claims." Am. Comp. ¶ 33. She alleges that she "filed her complaint five days after the two-year statute of limitations due to her physical and mental disabilities." *Id*. at ¶ 34. She argues that the period of her incapacity, 30 days, should be added on to the end of the limitations period, extending the expiration of the statute of limitations from November 30, 2015 to December 30, 2015 and rendering her complaint timely. Opp'n 4-5.

In its earlier order, the court held that Malik had not alleged facts supporting a finding that "timely commencement" of this action was "impossible or virtually impossible." *See Grell*, 73 Cal. App. 4th at 1305. In so holding, the court observed that Malik had not explained why she could not have filed a timely complaint sometime during the 23 months following her period of disability but before the statutory deadline. [Docket No. 37 at 7.] That observation holds true with respect to the amended complaint. Notwithstanding Malik's alleged 30-day period of disability, which fell at the very beginning of the limitations period, nothing in the amended complaint explains why Malik could not have finalized and filed a complaint during the nearly two years remaining in the limitations period. The equitable tolling doctrine applies only "occasionally and in special situations." *Addison v. State of* California, 21 Cal. 3d 313, 316 (1978). Courts have found such special situations in circumstances where it was impossible for plaintiffs to file suit throughout the limitations period and then promptly filed suit once the period of incapacity or impossibility ended. For example, in *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1463 (C.D. Cal. 1996), the court applied equitable tolling of the plaintiffs' claims where their alleged imprisonment at a garment factory, which was the basis for their claims, prevented them from filing their lawsuit within the applicable statutes of limitation. The court noted that the plaintiffs filed suit only one month after their release. *Id*. *See also Hernandez v. Attisha*, No. 09-CV-2257-IEG (WMC), 2010 WL 816160, at *5-6 (S.D. Cal. Mar. 5, 2010) (allowing equitable tolling of emotional distress and conversion claims where the plaintiff was imprisoned in the defendants' home, "result[ing] in her total incapacity to file suit or pursue any legal rights.").

8

Malik does not cite any authority to support her position that where, as here, a plaintiff experiences a brief period of disability or incapacity early in the limitations period, the court should extend the entire limitations period by the length of that period of disability. The court finds that equitable tolling does not apply here, and the action is therefore untimely. Malik was previously granted leave to allege facts to establish tolling based on impossibility and failed to do so. Accordingly, the amended complaint is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss the amended complaint is granted and Malik's amended complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 14, 2018



Donna M. Ryu
United States Magistrate Judge